## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY COURTHOUSE

| | | |
|---|---|---|
| SHUNDRIKA DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-CV-2356 JAR/DJW |
| | ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

SHUNDRIKA DANIEL (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NATIONAL CREDIT ADJUSTERS, LLC (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Lithonia, Georgia and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Hutchinson, Kansas.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed on a Payday loan.

12. Defendant constantly and continuously places collection calls from the number (800) 542-1048 seeking and demanding payment for an alleged consumer debt.

13. Defendant constantly and continuously places collection calls to the number (504) 669-2738

seeking and demanding payment for an alleged consumer debt.

14. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for an alleged consumer debt, to date no lawsuit has been filed.

15. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for an alleged consumer debt, to date no wages have been garnished.

16. Defendant implicated that Plaintiff had committed a crime while seeking and demanding payment for an alleged consumer debt.

17. Defendant failed to provide Plaintiff with a 30 day validation notice.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

   e. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, and legal status of the alleged debt.

   f. Defendant violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, or attachment.

g.   Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

h.   Defendant violated *§1692e(7)* of the FDCPA by misrepresenting that Plaintiff had committed a crime in order to disgrace the Plaintiff.

i.   Defendant violated *§1692e(10)* of the FDCPA by making false representations and deceptive means to collect a debt or obtain information about a consumer.

j.   Defendant violated *§1692e(11)* of the FDCPA by failing to properly identify itself when seeking and demanding payment for an alleged consumer debt.

k.   Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

l.   Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a direct and proximate result of one or more or all of the statutory violations above

Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, SHUNDRIKA DANIEL respectfully requests judgment be entered against Defendant, ASSET ACCEPTANCE, LLC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, SHUNDRIKA DANIEL, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,
By: _____/s/ Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS

Plaintiff, SHUNDRIKA DANIEL, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHUNDRIKA DANIEL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _6 - 25 - 09_

SHUNDRIKA DANIEL

- 7 -

COMPLAINT

# **EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feeling of hopelessness, pessimism — YES NO
9. Feeling of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 6/25/09

Signed Name

Shundrika Daniel
Printed Name